**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SALVADOR HERNANDEZ, JR.,** | ) | |
| **#1003420,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:04-CV-0549-H |
| | ) | ECF |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondents. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Jordan Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Pampa, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case, pending preliminary screening.

Statement of Case: On April 20, 2000, Petitioner pled guilty to aggravated assault in Criminal District Court No. 4 of Dallas County, Texas, in cause number F99-55104. (Petition (Pet.) at 2). Punishment was assessed at ten years imprisonment. (Id.). Although Petitioner appealed, his appeal was dismissed on August 22, 2000, on the basis of his motion to withdraw. (Id. at 3 and Memorandum in Support at Exh. 5).

Thereafter, Petitioner filed two state habeas corpus applications pursuant to art. 11.07, Texas Code of Criminal Procedure. The first application, filed on January 8, 2001 (see Pet. at 3), was denied by the Texas Court of Criminal Appeals (TCCA) on December 19, 2001, without written order on the trial court's findings with a hearing. Ex parte Salvador Hernandez Jr., No. WR-49,269-01, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID= 203549 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals). The second application, filed on December 19, 2002 (see Pet. at 4), was dismissed by TCCA as a subsequent application pursuant to Tex. Code Crim. Pro. art. 11.07 § 4 on March 19, 2003. Ex parte Salvador Hernandez Jr., No. WR-49,269-02, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID= 215095 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals).

In this federal petition, filed on March 16, 2004, Petitioner alleges (1) his guilty plea was unlawfully induced and involuntary because the promise of a two-year sentence and $500 fine was not kept, (2) his conviction was obtained by violating the privilege against self incrimination, (3) trial counsel rendered ineffective assistance when he failed to object to the trial court's refusal to follow the sentence stipulated in the plea

agreement; and (4) appellate counsel rendered ineffective assistance when he advised Petitioner to withdraw his notice of appeal.[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).[2]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(A)-(D).

---

[1] For purposes of this recommendation, the petition is deemed filed on March 10, 2004, the date Petitioner certifies placing it in the prison mail. (Pet. at 9). See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[2] On June 4, 2004, the Court issued an order informing Petitioner of the one-year statute of limitations and granting him thirty days to show cause why his petition should not be dismissed as time barred. Petitioner filed his response on July 6, 2004, arguing that his grounds should be addressed on the merits.

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final for purposes of the one-year period on August 22, 2000, when the Court of Appeals granted his motion to withdraw and dismissed the direct appeal. The one-year period began to run on August 23, 2000, the day after his conviction became final. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998). As of January 8, 2001, the date on which Petitioner filed his first art. 11.07 application, 139 days of the one-year limitation period had elapsed. The state application remained pending until December 19, 2001, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). See also Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998). The one year-period expired 226 days later on August 2, 2002– 586 days before Petitioner filed the federal petition in this case. Therefore, the federal petition is clearly time barred unless the one-year limitation period is tolled on equitable grounds.[3]

---

[3] The pendency of the second art. 11.07 application did not statutorily toll the limitation period because it was filed after the one-year period had expired. As a

4

In response to the court order, Petitioner neither explains the untimeliness of his petition, nor addresses whether the limitation period should be tolled on equitable grounds. He merely proclaims his actual innocence of the crime for which he was convicted. (Petitioner's response, filed Jul. 6, 2004, at 3). While the one-year limitation period might raise serious constitutional questions where it forecloses the opportunity for habeas relief for one who is actually innocent of the crime for which he was convicted, Petitioner has not shown that he has reliable new evidence that establishes his actual innocence. See Schlup v. Delo, 513 U.S. 298, 329, 115 S. Ct. 851, 868, 130 L. Ed. 2d 808 (1995).[4]

Insofar as Petitioner requests the court to toll the limitation period on equitable grounds because of his alleged actual innocence, his claim is likewise meritless. A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002); United States v. Riggs, 314 F.3d 796, 800 n. 9 (5th Cir. 2002).

Nevertheless, his pleadings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling, Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), nor that he diligently pursued his rights, United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000).

---

result it was not pending in state court during the one-year limitation period. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Flanagan, 154 F.3d at 202.

[4] The magistrate judge further notes that Petitioner has not sought DNA testing in state court.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).

Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000). He repeatedly delayed the filing of his two art. 11.07 applications. Moreover, following the dismissal of his second art. 11.07 application, he waited for almost an entire year, before submitting this federal petition for filing. These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).


RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the habeas corpus petition as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d).

A copy of this recommendation will be transmitted to Petitioner.

Signed November 7, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.